**Rafael NERIS–MARIA, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

No. 07–1957–ag.

United States Court of Appeals, Second Circuit.

April 23, 2008.

Rafael Neris–Maria, pro se, Brooklyn, NY, for Petitioner.

Aimee J. Frederickson, Trial Attorney, Jamie M. Dowd, Trial Attorney, Michelle Gorden Latour, Assistant Director, Jeffrey S. Bucholtz, Acting Assistant Attorney General, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C., for Respondents.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. J. GARVAN MURTHA, District Judge.*

**SUMMARY ORDER**

Rafael Neris–Maria, a native and citizen of the Dominican Republic, petitions for review of the BIA's April 23, 2007 order denying Neris–Maria's motion to reopen. We presume the parties' familiarity with the facts and procedural history of the case, and arguments on appeal.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted as the respondent in this case.

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). With certain exceptions not applicable here, a party may file only one motion to reopen, and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . . ." 8 C.F.R. § 1003.2(c)(1); *see also Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir. 2006) (*per curiam*) (looking to the date on which the IJ closed the record as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable). Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Neris–Maria's final administrative decision was rendered in September 2004. The motion to reopen that is currently under review was not filed until January 2007. Moreover, Neris–Maria had already filed one motion to reopen and one motion for reconsideration. He makes no argument that the time or numerical limitations should be excused in this case based on newly discovered evidence or new eligibility for relief. To the extent he argues that *Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) affects his claim for relief, he fails to explain either how *Lopez* affects his case, or how it would entitle him to previously unavailable relief. Therefore, the BIA did not abuse its discretion in finding that Neris–Maria's third motion to reopen was both number and time-barred. *See* 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

Finally, this Court lacks jurisdiction to review the BIA's refusal to reopen proceedings *sua sponte. Ali v. Gonzales,* 448 F.3d 515, 517–18 (2d Cir.2006) (*per curiam*).

For the foregoing reasons, the petition for review is DENIED.